UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KENNETH ERIC STEELE,                        Case No. 1:16-cv-01837-MC

        Plaintiff,                                   OPINION AND ORDER

    v.

DONALD ECK,

        Defendant.
_____

MCSHANE, District Judge:

       Plaintiff, appearing pro se, filed suit alleging rental discrimination based on race. Defendant now moves for summary judgment on grounds that no evidence supports plaintiff's claims and defendant is entitled to judgment as a matter of law. Plaintiff did not respond to defendant's motion, despite being given several extensions of time in which to do so. After review of the record, defendant's motion is granted and this case is dismissed.

BACKGROUND

       In November of 2015, plaintiff and his girlfriend, Denise Paulsen, signed a lease agreement to rent property owned by defendant on a month-to-month basis, commencing on November 15, 2015. Am. Complaint ¶¶ 10, 13, 19-20 & Ex. 1 (ECF Nos. 13, 13-1); Eck. Decl. ¶ 2 (ECF No. 40-1). Plaintiff alleges that defendant was reluctant to enter into the rental agreement

1 - ORDER

because of plaintiff's race, and that he overheard defendant use a racial epithet directed at plaintiff. Am. Compl. ¶¶ 16, 18. According to Paulsen, defendant was cordial to her and "indifferent" to plaintiff when they met, and defendant later told Paulsen that he would not have rented the property to plaintiff "if it wasn't for" her. *See* Paulsen Decl. at 1-2 (ECF No. 31).

On March 16, 2016, Paulsen and plaintiff informed defendant that Paulsen was moving out and plaintiff would assume responsibility for the rent and all financial obligations as of April 16, 2016. Am. Compl. ¶¶ 28-29 & Ex. 2. The same day, defendant issued a termination notice stating that the month-to-month tenancy would terminate on April 16, 2016 and both plaintiff and Paulsen were required to move out by that date. *Id.* Ex. 3.

On April 14, 2016, Paulsen and defendant entered into an updated agreement stipulating that the last month's rent paid by Paulsen in November 2015 would be applied to the period from April 16 through May 16, 2016, and that both plaintiff and Paulsen were allowed to remain until May 16, 2016. Am. Compl. ¶ 31 & Ex. 4; Eck. Decl. ¶ 4.

On May 17, 2016, Paulsen met defendant at the rental property. Paulsen's and petitioner's belongings had been removed and Paulsen returned her key to defendant. Eck Decl. ¶ 6. Paulsen asserts that plaintiff had not agreed to move out and had not returned his key; consequently, she claims that she "took it upon" herself to remove plaintiff's belongings "to avoid the upcoming legal battle." Paulsen Decl. at 3. Defendant then changed the locks.

On June 7, 2016, shortly past 2:00 a.m., a neighbor called the police and reported a break-in at defendant's rental property. Eck Decl. ¶ 7; Am. Compl. ¶ 36; Def.'s Answer Ex. 1 (ECF No. 18-1). Police officers responded and found defendant and a woman (not Paulsen) inside the property. The officers also found damage to a door leading from the mudroom and evidence of a forced entry.

Defendant subsequently filed a forcible entry and detainer (FED) suit against plaintiff in Klamath County and judgment was rendered in favor of defendant. Eck Decl. ¶ 8.

On September 16, 2016, plaintiff filed this action.

## DISCUSSION

Plaintiff alleges that defendant unlawfully terminated the lease agreement without adequate notice because of plaintiff's race. Specifically, plaintiff contends he was a lawful resident as of June 7, 2016, because defendant was required to provide thirty days' notice before terminating the updated lease agreement allowing plaintiff to remain until May 16, 2016. Am. Compl. ¶¶ 33-34. Plaintiff also maintains that defendant exhibited racial hostility towards him on several occasions and falsely told his neighbor that plaintiff had moved out of the property. *Id.* ¶¶ 16, 18, 23-24, 30, 35. Defendant argues that no evidence supports plaintiff's claims.

To prevail on his motion for summary judgment, defendant must show that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Construing plaintiff's claims broadly, he alleges racial discrimination under the Fair Housing Act (FHA) and 42 U.S.C. § 1981. The FHA and § 1983 make it unlawful to deny a rental dwelling or to discriminate in the terms, conditions, or privileges of a rental agreement because of race. 42 U.S.C. §§ 1981, 3604; *Pavon v. Swift Transp. Co., Inc.*, 192 F.3d 902, 908 (9th Cir. 1999); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999).

Here, the evidence does not establish an act of intentional discrimination on the part of defendant. While defendant's alleged use of racial slurs is reprehensible, plaintiff identifies no

3 - ORDER

discriminatory action taken against him with respect to the terms, conditions, or privileges of the rental agreement.

It is undisputed that defendant rented the property to plaintiff and Paulsen under a month-to-month agreement, with defendant terminating the agreement as of April 16, 2016. It is also undisputed that on April 14, 2016, defendant and Paulsen entered into an updated agreement where the last month's rent paid by Paulsen would be applied to the period from April 16 through May 16, 2016, and plaintiff and Paulsen would move out by May 16, 2016. Am. Compl. ¶ 31 & Ex. 4; Eck Decl. ¶¶ 2, 4. In other words, Paulsen and defendant effectively extended the termination of the tenancy by one month. By May 17, 2016, Paulsen had removed their belongings from the property and returned the key to defendant, conduct consistent with defendant's understanding of the updated agreement. Eck. Decl. ¶¶ 5-6; Paulsen Decl. at 3.

Plaintiff presents no evidence to suggest that defendant knew plaintiff had not agreed to move out by May 16, 2016. For example, plaintiff does not assert that he asked to continue renting the property or offered to pay rent beyond May 16, 2016, or that Paulsen told defendant that plaintiff was not moving out. Likewise, plaintiff presents no evidence that defendant instructed his neighbor to contact the police if she saw anyone at the property after Paulsen moved out. *See* Def.'s Answer Ex. 1 at 8 (police report stating that the neighbor who reported the break-in at the rental property did not know the landlord). The evidence does not sustain plaintiff's burden of showing that defendant intentionally discriminated against him regarding the terms of the rental agreement on the basis of race.

To the extent plaintiff alleges that defendant terminated the rental agreement without adequate notice in violation of Oregon landlord-tenant law, defendant filed a successful FED in state court and plaintiff presents no evidence to rebut this evidence. Eck Decl. ¶ 8.

Plaintiff also moves to amend his complaint to add a defamation claim based on a telephone call defendant made to the Oregon Department of Corrections (ODOC). Plaintiff alleges that defendant falsely reported to ODOC that plaintiff was involved in a fraudulent small claims action brought against defendant by plaintiff's cellmate. Pl.'s Motion to Direct Answer at 2-3 (ECF No. 39). The small claims action involved defendant's rental property, and plaintiff's cellmate had never rented the property or lived in Oregon. In light of plaintiff and defendant's history, defendant called ODOC to report that plaintiff might be connected to the fraudulent action brought by his cellmate. *Id.* ODOC investigated and ultimately issued a Misconduct Report charging plaintiff with forgery, racketeering, and unauthorized organization. *Id.*

Even if I was inclined to exercise supplemental jurisdiction over this claim, the evidence of record contradicts plaintiff's claim that defendant's statements were false or defamatory. *Id.* Moreover, "statements that are made as part of judicial and quasi-judicial proceedings are absolutely privileged." *Wallulis v. Dymowski*, 323 Or. 337, 348, 918 P.2d 755 (1996).

## CONCLUSION

Plaintiff's Motions to Amend Complaint and to Direct Answer (ECF Nos. 35, 38, 39) are DENIED, and defendant's Motion for Summary Judgment (ECF No. 40) is GRANTED. This case is DISMISSED.

IT IS SO ORDERED.

DATED this 12th day of September, 2018.

s/ Michael J. McShane
Michael J. McShane
United States District Judge